IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID BYLSMA, | ) | CIV. NO. 06-00536 JMS-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN FORMA |
| vs. | ) | PAUPERIS APPLICATION AND |
| | ) | DISMISSING COMPLAINT |
| HELEN GILLMOR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN FORMA PAUPERIS
APPLICATION AND DISMISSING COMPLAINT**

Plaintiff David Bylsma filed a pro se complaint on October 2, 2006 titled "Complaint for Damages for Deprivation of Constitutional Rights and Violation of the Americans with Disabilities Act of 1990." Bylsma names Helen Gillmor, Chief United States District Judge for the District of Hawaii, as the only defendant to this action. He alleges that Judge Gillmor violated his rights, including his rights under the Americans with Disabilities Act (ADA), by dismissing a complaint he filed in the United States District Court for the District of Hawaii. For the reasons set forth below, the instant complaint is DISMISSED without leave to amend.

With his complaint, Bylsma also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Upon consideration of the financial information contained in the application to proceed *in forma pauperis*, the court finds that Bylsma is financially unable to pay the filing fee.  The application to proceed *in forma pauperis* is therefore GRANTED.

## I.  THE COMPLAINT

Bylsma's Complaint states that in June 2006, he filed a complaint in United States District Court for the District of Hawaii, alleging that the Hawaii State Judiciary violated his rights under the ADA (First ADA Case).  Complaint, ¶ 5.  Judge Gillmor was assigned the First ADA Case, titled *Bylsma v. Hawaii State Judiciary*, Civ. No. 06-00323 HG.  Complaint, Exhibit A.  The State of Hawaii Judiciary filed a motion to dismiss; Bylsma filed an opposition to the motion to dismiss.   Bylsma then filed an "Affidavit of Prejudice," claiming that Judge Gillmor may know some state judges.  Complaint, Exhibit D.  By order dated September 26, 2006, Judge Gillmor entered an order dismissing the First ADA Case with prejudice.  Complaint, Exhibit E.

In the instant suit, Bylsma alleges that Judge Gillmor "acted outside her jurisdiction by <u>excluding</u> the Plaintiff from <u>participation</u> by refusing to allow 'Leave to Amend' when the pleading could in fact be amended."  Complaint, ¶ 13.

He claims that by dismissing his action, Judge Gillmor was "linking" herself to the defendants, showing that she was biased against him. *Id.* Without any support whatsoever, he also claims that Judge Gillmor "clearly without doubt has a vested interest and relationships to the Defendants." *Id.*

Based on these allegations, Bylsma alleges that Judge Gillmor: 1) discriminated against him under the ADA, 42 U.S.C. § 12132[1]; 2) deprived him of his rights under the Fourteenth Amendment to the United States Constitution and deprived him of his rights under the Hawaii State Constitution; 3) acted outside her jurisdiction; and 4) acted unreasonably, causing an eventual "mental breakdown." Complaint at page 7. He then seeks monetary damages under the ADA of "$55,000 for the first violation and $110,000 for any subsequent violation." Complaint, ¶ 23.[2]

For the following reasons, the complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]Bylsma describes himself as a "qualified individual suffering from a psychiatric disability as defined in the Americans with Disabilities Act of 1990." Complaint, ¶ 2.

[2]Bylsma alleges that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1). It appears that the core of Bylsma's claims constitutes an action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

II.  LEGAL STANDARD

The Prisoner Litigation Reform Act of 1995 (PLRA) provides that a district court "shall dismiss" a case "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[3]

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).[4]  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and

---

[3] It appears that Bylsma is not presently incarcerated.  Regardless, § 1915(e) "applies to all *in forma pauperis* complaints, not just those filed by prisoners."  *Lopez v. Smith*, 203 F.3d. 1122, 1129 (9th Cir. 2000) (en banc).

[4] Although Bylsma is pro se, the court notes that he is not a novice in bringing suit against judges.  He has been a plaintiff in the following suits, all against State of Hawaii Judges, and all of which have been dismissed: *Bylsma v. Nagata*, Cv. No. 05-00675 JMS-KSC;  *Bylsma v. Richardson*, Cv. No. 05-00703 DAE-BMK;  *Bylsma v. Koyanagi*, Cv. No. 05-00701 ACK-LEK;  *Bylsma v. Garibaldi*, Cv. No. 05-00654 HG-KSC;  *Bylsma v. Lo*, Cv. No. 05-00676 ACK-BMK;  and *Bylsma v. Devens*, Cv. No. 05-00700 DAE-BMK.

an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez*, 203 F.3d. at 1126.

### III.  ANALYSIS

A.   Judge Gillmor is Immune from Bylsma's Suit

Judges are absolutely free from liability for damages for acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (en banc).  Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1075 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)).  Further, judicial immunity is not affected "by the motives with which their judicial acts are performed." *Ashelman*, 793 F.2d at 1078.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted).  The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. *Ashelman*, 793 F.2d at 1078.  To effectuate this policy, the Ninth Circuit broadly construes the scope of judicial immunity. *Id.*

Judicial immunity, however, is not absolute. A judge is not immune if he or she acts in the clear absence of all jurisdiction or performs an act that is non-judicial in nature. *Ashelman*, 793 F.2d at 1075. An act is judicial in nature if it is a function normally performed by a judge. *Id.* To determine whether an act is judicial or non-judicial, the Ninth Circuit asks whether:

> (1) the act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

Plaintiff's complaint, on its face, makes clear that Bylsma is challenging Judge Gillmor's order dismissing the First ADA Case. This act involves a core judicial function – ruling on a motion brought in a pending case before that judge.

Whether cloaked as a constitutional violation or a violation of the ADA, Bylsma's allegations relate to core judicial functions performed by Judge Gillmor. Because he requests an award of monetary damages, the court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

B.  This Court Lacks Jurisdiction to Determine if the Ruling in the
    First ADA Case was Mistaken

Even if Judge Gillmor was not afforded judicial immunity, this court lacks subject matter jurisdiction over the allegations set forth in the complaint. The instant complaint is nothing more than a collateral attack on Judge Gillmor's order. Although Bylsma seeks monetary damages, any finding entitling him to such damages would necessarily entail a review of Judge Gillmor's order and a finding that the order was unlawful. A plaintiff "cannot use a new suit to contend that the disposition of the first was mistaken." *Hudson v. Hedge*, 27 F.3d 274, 276 (7th Cir. 1994). An appeal to the Ninth Circuit, not this court, is the appropriate manner to challenge the order dismissing the First ADA Case.

C.  Judge Gillmor is not Subject to the ADA

Although Bylsma's ADA claim is not clear, he appears to allege that Judge Gillmor did not accommodate his disability in ruling on his case. The relevant ADA anti-discrimination provision provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" is defined in 42 U.S.C. § 12131(1) as "(A) any State or

local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 502(8) of Title 45)." Neither the federal government nor the United States judiciary is included in this definition. *See Sheridan v. Michels (In re Disciplinary Proceedings)*, 282 B.R. 79, 92 n.15 (B.A.P. 1st Cir. 2002) (stating that the ADA is not applicable to the federal courts because the ADA definition of a public entity includes only state and local governments), *vacated on other grounds by Sheridan v. Michels (In re Sheridan)*, 362 F.3d 96 (1st Cir. 2004). *See also Isle Royal Boaters Ass'n v. Norton*, 154 F. Supp. 2d 1098, 1135 (W.D. Mich. 2001) (National Park Service not a public entity within the scope of the ADA); and *Zingher v. Yacovone*, 30 F. Supp. 2d 446, 452 (D. Vt. 1997) (United States Department of Education and the Secretary of Education not public entities within the scope of the ADA). The ADA, by its plain language, does not authorize a suit against a federal judge or federal court.

D.        The Complaint is Dismissed without Leave to Amend

One issue remains – should the complaint be dismissed with prejudice or with leave to amend. Bylsma can allege no additional facts that would defeat the judicial immunity afforded to Judge Gillmor or that would provide this court with jurisdiction to consider his claims. It is apparent that Bylsma's claims are based solely on judicial acts, that is, acts that result in immunity. Bylsma, no matter what amendment he may attempt, could not cure this deficiency. Any amendment would be futile.

IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1.  The application to proceed *in forma pauperis* is GRANTED.

///
///
///
///
///
///
///

  2. Bylsma's complaint is DISMISSED without leave to amend.

  3. The clerk's office is directed to close the case file.


  IT IS SO ORDERED.

  DATED:  Honolulu, Hawaii, October 10, 2006.



          /s/ J. Michael Seabright
          J. Michael Seabright
          United States District Judge




*Bylsma v. Gillmor*, Civ. No. 06-00536 JMS-BMK; Order Granting In Forma Pauperis Application And Dismissing Complaint